# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| HERBERT E. BOWLING, JR, | \* | |
| As Executor of the Estate of | \* | |
| Evelyn L. Bowling, | \* | |
| | \* | No. 18-109V |
| Petitioner, | \* | Special Master Christian J. Moran |
| | \* | |
| v. | \* | |
| | \* | Filed: October 29, 2024 |
| SECRETARY OF HEALTH | \* | |
| AND HUMAN SERVICES, | \* | |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Simina Vourlis, Columbus, OH, for petitioner;
Colleen Hartley, United States Dep't of Justice, Washington, DC, for respondent.

### UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

Pursuant to 42 U.S.C. § 300aa-15(e), petitioner has requested a total of $166,377.92 in attorneys' fees and costs. The undersigned tentatively found that petitioner requested a reasonable amount and were entitled to the full amount requested. The undersigned allowed respondent an opportunity to comment. Respondent did not interpose any objections within the time permitted.

Petitioner's attorney, attorney staff, and experts have requested hourly rates that are consistent with the rates previously awarded. The number of hours is reasonable. Thus, the amount requested is reasonable.

---

[1] The E-Government, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

Although petitioner is awarded the amount requested, a few items merit mentioning. Ms. Vourlis appears to have spent a relatively high number of hours reviewing medical records, which admittedly were lengthy. Ms. Vourlis's work contrasts with work of paralegals, who appear not to have reviewed the medical records at all. In the undersigned's experience, most attorneys have a paralegal summarize the medical records before the attorney undertakes an in-depth assessment of the critical records. Due largely to the Secretary's failure to interpose any objection, Ms. Vourlis's time is credited in full.

Next, Ms. Vourlis spent more than 30 hours reviewing and editing successive drafts of what was eventually filed as Dr. Souayah's first report. Considering that Dr. Souayah has previously written reports in the Vaccine Program and that Dr. Souayah has charged more than 60 hours for writing his first report, Ms. Vourlis's time appears on the high side. Yet, this much involvement is not necessarily excessive, especially because the Secretary did not object to the amount of time claimed. Thus, Ms. Vourlis's time is credited in full.

Third, Ms. Vourlis has created relatively detailed time entries. For example, Ms. Vourlis noted on August 2, 2021, she spent 2.2 hours "Begin drafting pre-vaccination history- "Overall Health" portion of hearing brief." This entry contains more information than a typical entry, which might state 2.2 hours for "pre-hearing brief." This conscientiousness in describing activities with specificity increases the undersigned's confidence in the reasonableness of Ms. Vourlis's work.

In short, petitioner is awarded $166,377.92. This amount shall be made payable as in the form of a check jointly payable to petitioner and petitioner's counsel, Simina Vourlis, in the amount of $165,783.19 and in the form of a check payable to petitioner in the amount of $594.73.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

**IT IS SO ORDERED**.

s/Christian J. Moran
Christian J. Moran
Special Master